Michael **GREER** and John **Maggi**, on their own behalf and on behalf of a class of those similarly situated, Appellants–Plaintiffs,

v.

Edwin **BUSS**, in his official capacity as Comm'r of the Ind. Dep't of Corr., the City of Shelbyville, the Shelby County Sheriff, the Newton County Sheriff, the Shelby County Prosecutor, and the Newton County Prosecutor, Appellees–Defendants.

No. 49A02–0903–CV–243.

Court of Appeals of Indiana.

Dec. 17, 2009.

608

Gavin M. Rose, Kenneth J. Falk, ACLU of Indiana, Indianapolis, IN, Attorneys for Appellants.

Wayne E. Uhl, James S. Stephenson, Stephenson Morow & Semler, Indianapolis, IN, Attorneys for Appellees City of Shelbyville and Shelby County Sheriff.

Gregory F. Zoeller, Attorney General of Indiana, Frances Barrow, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellees.

**OPINION**

DARDEN, Judge.

*STATEMENT OF THE CASE*

Michael Greer and John Maggi ("the Plaintiffs") filed an action for a proposed class action lawsuit seeking declaratory and injunctive relief with respect to the Indiana Department of Correction (DOC) policy which provides that individuals convicted of certain sex or violent offenses requiring registration for a ten-year period must register for an additional ten-year period upon a subsequent conviction for any criminal offense. According to DOC, such additional registration was mandated by statute. Both Greer and Maggi appeal the order that dismissed their action, granted summary judgment to DOC, and denied class action certification.[1]

We affirm in part and reverse in part.

*BACKGROUND*

Beginning with "Zachary's Law" in 1994, Indiana has enacted statutes collectively referred to as the Indiana Sex Offender Registration Act that require individuals convicted of sex and certain other offenses to register with local law enforcement agencies. *Wallace v. State,* 905 N.E.2d 371, 373 (Ind.2009). After July 1, 1995, sex offenders were required to register for "ten years after the date the offender was released from parole, or placed on probation, whichever occurred last," *id.* at 375 (citing Ind.Code § 5–2–12–13 (1995)[2]); in ensuing years, the statutory framework of that ten-year registration period was repeatedly revised. Beginning July 1, 1994, the failure to register as required was a class A misdemeanor, *see* P.L. 11–1994 § 7 (adding former I.C. § 5–2–12–9). Currently, however, the failure to register constitutes a class D felony. *See* I.C. § 11–8–8–17. In addition, effective July 1, 2006, a person who has been convicted of certain sex-related crimes is barred from residing within 1,000 feet of school property, a youth program center, or a public park; and knowingly or intentionally doing so constitutes a class D felony. *State v. Pol-*

---

1. We heard oral argument on this case on November 12, 2009, in Indianapolis. We commend counsel on their capable advocacy.

2. This provision is currently codified at I.C. § 11–8–8–19.

*lard,* 908 N.E.2d 1145, 1147 (Ind.2009) (citing I.C. § 35–42–4–11 [3]).

### FACTS

In 1991, Greer was convicted of two counts of child molesting. When the offender registry was established, Greer was notified that he would be required to register as a sex offender for a period of ten years after he was paroled. He was paroled in 1996, and he registered as a sex offender in Shelby County. In February 2006, he was notified by DOC that he was no longer required to register because the ten-year period had expired.[4] He ceased registering. In April or May of 2006, Greer was arrested for driving under the influence. He was convicted and served time. Upon his release in November 2006, DOC advised him that because he had previously been convicted of the child molesting offenses, he was required to register as a sex offender for a second ten-year period—from his November 2006 release from incarceration and placement on parole until November 2016. Greer registered, and lived in Shelbyville with his grandmother, whose residence was not within the forbidden 1,000–foot statutory proximity to facilities where children are found. After Greer's grandmother died in 2008, he was unable to locate a new residence in Shelbyville that was not within one of the forbidden 1,000–foot statutory zones. On January 17, 2008, Greer filed a class action complaint for declaratory and injunctive relief against the DOC, the Shelby County Sheriff, and the Shelby County Prosecutor.

In 1998, John Maggi was convicted in Illinois of one count of an offense that would constitute possession of child pornography as a class D felony under Indiana law; and he was placed on probation. When he moved to Indiana in 2003, he was notified by DOC that he was required to register as a sex offender for a ten-year period after his 1998 placement on probation. He registered in Newton County, where he was living. In October of 2004, Maggi was arrested for driving under the influence; he pleaded guilty and was sentenced to serve one year on probation. In April of 2008, he was notified by DOC that he was no longer required to register as a sex offender because the ten-year period since he was placed on probation had expired. He ceased registering. In late May of 2008, however, Maggi was notified by DOC that due to his 2004 driving-under-the-influence conviction, he was required to register for a second ten-year period—through October 18, 2014.

On July 28, 2008, the trial court granted leave for Greer's complaint to be amended—adding Maggi as a party plaintiff (and the Newton County Sheriff and Newton County Prosecutor as defendants), and adding claims pertaining to the recent amendment to Indiana Code section 11–8–8–19(a). Before the amendment in 2008, Indiana Code section 11–8–8–19(a) had provided as follows:

> ... a sex or violent offender is required to register under this chapter until the expiration of ten (10) years after the date the sex or violent offender:
> (1) is released from a penal facility (as defined in IC 35–41–1–21) or a secure

---

**3.** This provision criminalizes such residency by "a sex or violent offender under IC 11–8–8" who has been found to be a sexually violent predator pursuant to I.C. § 35–38–1–7.1, or has committed either one of specific enumerated offenses or an offense "substantially similar" thereto. I.C. § 35–42–4–11(a).

**4.** The statute requires that the offender be "notified that the obligation to register has expired." I.C. § 11–8–1–19(a).

juvenile detention facility of a state or another jurisdiction;

(2) is placed in a community transition program;

(3) is placed in a community corrections program;

(4) is placed on parole; or

(5) is placed on probation;

whichever occurs last. The department shall ensure that an offender who is no longer required to register as a sex or violent offender is notified that the obligation to register has expired.

I.C. § 11–8–8–19(a). Effective July 1, 2008, pursuant to amendment by Public Law 119–2008 section 8, the statutory provision included the following italicized language:

... a sex or violent offender is required to register under this chapter until the expiration of ten (10) years after the date the sex or violent offender:

(1) is released from a penal facility (as defined in IC 35–41–1–21) or a secure juvenile detention facility of a state or another jurisdiction;

(2) is placed in a community transition program;

(3) is placed in a community corrections program;

(4) is placed on parole; or

(5) is placed on probation;

*for the sex or violent offense requiring registration, whichever occurs last. The registration period is tolled during any period that the sex or violent offender is incarcerated. The registration period does not restart if the offender is convicted of a subsequent offense; however, if the subsequent offense is a sex or violent offense, a new registration period may be imposed in accordance with this chapter.* The department shall ensure that an offender who is no longer required to register as a sex or violent offender is notified that the obligation to register has expired.

I.C. § 11–8–8–19(a) (as amended by P.L. 119–1008 § 8).

On July 31, 2008, the Plaintiffs filed their second renewed motion for class action determination.[5] On September 15, 2008, the Plaintiffs filed a motion for summary judgment. On September 17 and 19, 2008, the Defendants filed motions to dismiss. On October 17 and 20, 2008, the Defendants filed cross-motions for summary judgment.

On October 31, 2008, the trial court heard arguments on all pending motions. On March 11, 2009, the trial court entered judgment. Its order noted the lack of disputed material facts, and that "many of the same legal issues" were "argued and cross-incorporated [ ]in their arguments" as to the motions for dismissal and cross-motions for summary judgment. (Plaintiffs' App. 55). The trial court granted the Defendants' motions to dismiss and cross-motions for summary judgment and denied the Plaintiffs' motion for summary judgment.[6]

---

5. The amended complaint proposed the putative class be defined as individuals "who have been or will be convicted of an offense for which Indiana law requires that they register as a sex or violent offender for ten (10) years, and who were prior to July 1, 2008 subsequently convicted of an offense that is not designated as a sex or violent offense under Indiana law." (Plaintiffs' App. 5).

6. The trial court held that

— it lacked jurisdiction to enjoin a criminal prosecution, and the Plaintiffs' "exclusive remedy [was] in the criminal action, if one [was] filed";

— no declaratory relief was available to the Plaintiffs because there were "two recognized established remedies available" to them;

## DECISION

Although the Plaintiffs press multiple challenges to the trial court's order,[7] we address those we find dispositive.

 The Defendants "moved for dismissal on jurisdictional grounds under T.R. 12(B)(1), and for failure to state a claim under T.R. 12(B)(6)." (Plaintiffs' App. 13.) A motion to dismiss for lack of subject matter jurisdiction "presents a threshold question concerning the court's power to act." *Perry v. Stitzer Buick GMC, Inc.*, 637 N.E.2d 1282, 1286 (Ind. 1994). The trial court decides whether the requisite jurisdictional facts exist based on its consideration of the complaint, the motion to dismiss, and any affidavits or other evidence submitted. *Id.* at 1287. Where the facts are not in dispute, we review the trial court's decision de novo. *Common*

---

— prior to its amendment effective July 1, 2008, the statute required Greer and Maggi to "register as sex offenders for ten years after being placed on parole or probation for their offenses of driving under the influence in 2006 and 2004 respectively";

— the registration statutes were "neither arbitrary nor irrational";

— the Plaintiffs' registration was required because they had committed sex offenses *"and* .... chose to commit more crimes at a later date";

— the statute did "not deny equal protection because one cannot look at different years to determine whether two crimes are the 'same' for equal protection purposes";

— application of the residence requirement to Greer was not a "violation of the ban on ex post facto laws";

— not applying the amended statute retroactively was "consistent with the usual rule that laws apply only prospectively"; and

— "class certification" was "a moot issue" because "this action must be dismissed." (Order, Plaintiffs' App. 19–22). Nevertheless, the trial court proceeded to find that "even if" class certification were "not a moot point, it would have to be denied because the plaintiffs have not shown that a class action is proper under the applicable rules," and "the court would deny the certification." Id. at 22, 24.

7. Specifically, the Plaintiffs presented the following issues:

1. Whether the trial court erred when it granted Defendants' motion to dismiss for lack of jurisdiction to enjoin enforcement of the registration and residency requirements that Plaintiffs challenged; and when it denied their request for declaratory relief based on the availability of other remedies.

2. Whether the trial court erred when it held that the version of Indiana Code section 11–8–8–19(d) in effect until July 1, 2008, required individuals who had been convicted of a sex or violent offense to register for a ten-year period upon the initial conviction and then to register again for a ten-year period after any subsequent conviction—even if the subsequent offense did not qualify as a sex or violent offense.

3. Whether the trial court erred when it held that the amended version of Indiana Code section 11–8–8–19(d)—effective July 1, 2008, and specifying that an individual convicted of a subsequent offense is only required to register for an additional ten-year period if that subsequent offense is one requiring registration—does not apply retroactively.

4. Whether the trial court erred when it held that there is no due process violation under either the United States or Indiana constitution when an individual who was previously required to register after a conviction for a sex or violent offense is required to register again after conviction on a subsequent offense which is not a sex or violent offense.

5. Whether the trial court erred when it held that there is no violation of equal protection under either the United States or Indiana Constitution when an individual who was convicted of a subsequent offense prior to July 1, 2008, is required to register for an additional period of time after being convicted of a subsequent offense which is not a sex or violent offense, but an individual convicted of such an offense after July 1, 2008, is not required to so register.

6. Whether the trial court erred in holding that the residency restriction as applied to Greer is not an impermissible *ex post facto* law under either the United States or Indiana constitution.

7. Whether we should remand for a determination of class certification by the trial court.

*Council v. Matonovich,* 691 N.E.2d 1326, 1328 (Ind.Ct.App.1998), *trans. denied.*

Our review of the grant of a motion to dismiss for failure to state a claim is also de novo. *Charter One Mortg. Corp. v. Condra,* 865 N.E.2d 602, 604 (Ind.2007). A motion to dismiss for failure to state a claim tests the legal sufficiency of the claim, not the facts supporting it. *Id.* at 604. On review, we view the pleadings in the light most favorable to the nonmoving party, with every reasonable inference construed in the nonmovant's favor. *Id.* A complaint may not be dismissed for failure to state a claim upon which relief can be granted unless it is clear on the face of the complaint that the complaining party is not entitled to relief. *Id.* at 605.

The trial court held that "sitting in equity," it did "not have jurisdiction to enjoin a criminal prosecution," citing *State ex rel. Egan v. Superior Court of Lake County,* 211 Ind. 303, 309, 6 N.E.2d 945, 947 (1937), and *State ex rel. Fry v. Superior Court of Lake County,* 205 Ind. 355, 186 N.E. 310, 313 (1934), and that the Plaintiffs' "exclusive remedy" lay "in the criminal action, if one [were] filed," when they could ask the appropriate court "to terminate the duty to register" pursuant to Indiana Code section 11–8–8–22(c), or to grant relief from the residency bar pursuant to Indiana Code section 35–42–4–11(d). (Plaintiffs' App. 18).

Both *Egan* and *Fry* concerned complaints by corporations seeking to enjoin any action against them by prosecutors and law enforcement, and they were more recently cited in *Tinder v. Music Operating, Inc.,* 237 Ind. 33, 46, 142 N.E.2d 610, 617 (1957). All three cases, however, involved corporations and property rights— not individuals seeking relief from the significant personal jeopardy imposed on them by an official policy and law that they challenge on various grounds. Further,

Indiana courts have frequently considered challenges to statutory requirements, despite the fact that the plaintiffs were seeking the remedy of an injunction against criminal prosecution. *See, e.g., Doe v. Prosecutor,* 566 F.Supp.2d 862 (S.D.Ind. 2008) (seeking declaration that requirements unconstitutional and injunction against their enforcement); *Big Hat Books v. Prosecutors,* 565 F.Supp.2d 981 (S.D.Ind.2008) (challenging constitutionality of statute and seeking to enjoin its enforcement); *Highland Sales Corp. v. Vance,* 244 Ind. 20, 186 N.E.2d 682 (1964).

Moreover, the trial court's reference to statutory remedies appears to presume that the Plaintiffs' sole injury is potential criminal prosecution for failure to comply with the registration requirement. Our Supreme Court recently found, however, that registration itself "imposes significant affirmative obligations and a severe stigma on every person to whom it applies," "resembles the punishment of shaming," and "makes information on all sex offenders available to the general public without restriction and without regard to whether the individual poses any particular future risk." *Wallace v. State,* 905 N.E.2d at 379, 380, 384.

Nevertheless, citing *Wallace,* wherein the defendant appealed his conviction for failure to register, the Defendants argue that Greer and Maggi may pursue their challenges to registration as a defense in a criminal proceeding if faced with criminal prosecution for failure to register. The U.S. Supreme Court has declared, however, that a plaintiff need not "first expose himself to actual arrest or prosecution to be entitled to challenge a statute that he claims deters his exercise of constitutional rights." *Steffel v. Thompson,* 415 U.S. 452, 459, 94 S.Ct. 1209, 39 L.Ed.2d 505 (1974); *see also Smith v. Wisconsin Dep't of Agric.,* 23 F.3d 1134, 1141 (7th Cir.1994)

("[A] plaintiff should not be required to face the Hobson's choice between forgoing behavior that he believes to be lawful and violating the challenged law at the risk of prosecution."). As the Defendants note, neither *Steffel* nor *Smith* actually enjoined criminal prosecution, but we find the stated principle persuasive as applied to the circumstances faced by Greer and Maggi.

 Also, the Plaintiffs' complaint sought declaratory relief—a declaration that the DOC policy requiring a second ten-year registration period violated both the state and federal constitutions, and that the residency bar as to Greer violated state and federal *ex post facto* clauses. The trial court concluded that no declaratory relief was available because statutory procedures provided remedies. The use of a declaratory judgment is discretionary with the trial court and is usually unnecessary where a full and adequate remedy is already provided by another form of action. *Dible v. City*, 713 N.E.2d 269, 272 (Ind.1999). When considering a motion for declaratory judgment,

> the test to be applied is whether the issuance of a declaratory judgment will effectively solve the problem, whether it will serve a useful purpose, and whether or not another remedy is more effective or efficient. The determinative factor is whether the declaratory action will result in a just and more expeditious and economical determination of the entire controversy.

*Id.* In addition, pursuant to Indiana Trial Rule 57, "The existence of another adequate remedy does not preclude a judgment for declaratory relief in cases where it is appropriate." *Id.*

In light of the fact that sex offender registration "imposes significant affirmative obligations and a severe stigma on every person to whom it applies," "resembles the punishment of shaming," and "makes information on all sex offenders available to the general public without restriction and without regard to whether the individual poses any particular future risk," *Wallace*, 905 N.E.2d at 379, 380, 384, we cannot agree with the trial court that declaratory judgment was not appropriate because the plaintiffs could bring their challenges against the statute as a defense should they be prosecuted for failure to register (or, in the case of Greer, failure to comply with the statutory residency restrictions). The burdens imposed by the statutes are such that a possible defense in response to criminal prosecution cannot be considered "a full and complete remedy." *Dible*, 713 N.E.2d at 272. Accordingly, we conclude that the trial court's holding in that regard must fail.

 In addition to granting the Defendants' motions to dismiss, the trial court also granted their motions for summary judgment. The interpretation of a statute presents a pure question of law for which disposition by summary judgment is particularly appropriate. *Longa v. Vicory*, 829 N.E.2d 546, 547 (Ind.Ct.App.2005). On appeal from the court's decision in that regard, the issue is a pure question of law. *Id.* at 548. Therefore, we review the case de novo, and no deference is given to the trial court's judgment. *Id.*

 The Plaintiffs argued that their being required to register for an additional ten-year period after their convictions for an offense that does not require registration is contrary to the statute itself *and* violates both the Indiana Constitution and the United States Constitution. For the starting point in our review, we note again that only *after* July 1, 2008, did the following provision of the statute concerning registration contain the italicized language:

> . . . a sex or violent offender is required to register under this chapter until the

expiration of ten (10) years after the date the sex or violent offender:

(1) is released from a penal facility (as defined in IC 35–41–1–21) or a secure juvenile detention facility of a state or another jurisdiction;

(2) is placed in a community transition program;

(3) is placed in a community corrections program;

(4) is placed on parole; or

(5) is placed on probation;

*for the sex or violent offense requiring registration,* whichever occurs last. *The registration period is tolled during any period that the sex or violent offender is incarcerated. The registration period does not restart if the offender is convicted of a subsequent offense; however, if the subsequent offense is a sex or violent offense, a new registration period may be imposed in accordance with this chapter.* The department shall ensure that an offender who is no longer required to register as a sex or violent offender is notified that the obligation to register has expired.

I.C. § 11–8–8–19(a) (as amended by P.L. 119–1008 § 8). Hence, arguably, before July 1, 2008, the statute required registration upon a subsequent conviction for any offense whatsoever (as interpreted by DOC), or simply for an offense that itself required registration under the statute.

The U.S. Supreme Court has held that ambiguity concerning the ambit of criminal statutes should be resolved in favor of lenity. *Jones v. U.S.,* 529 U.S. 848, 120 S.Ct. 1904, 1912, 146 L.Ed.2d 902 (U.S.Ind. 2000). Thus, a court does not choose "the harsher alternative" interpretation unless the legislative body "ha[s] spoken in language that is clear and definite." *Id.* Here, the statutory provision before the 2008 amendment did not "clear[ly] and definite[ly]" specify that after conviction

for any subsequent offense, registration as a sex (or violent) offender was required. *Id.* Also, Indiana's Supreme Court has held that the rule of lenity requires that criminal statutes be strictly construed against the State. *Mask v. State,* 829 N.E.2d 932, 936 (Ind.2005). The State argues that the statute "is a civil regulation," State's Br. at 35, but *Wallace* concluded that the registration statute "has a punitive effect despite legislative intent that the statute be regulatory and non-punitive." 905 N.E.2d at 384. Hence, we conclude that the rule of lenity applies.

Pursuant to the rule of lenity, we find it clear that prior to July 1, 2008, the statutory provision at issue contained *no language* suggesting that the required registration would be triggered for a second ten-year registration period upon a subsequent conviction. This leads to the logical conclusion that an offender was only required to register *again* after completion of the ten-year registration period upon conviction for an offense for which the statute requires registration. *See City of Carmel v. Steele,* 865 N.E.2d 612, 618 (Ind. 2007) (presume legislature did not intend statutory language to be applied illogically).

Our conclusion in this regard is reinforced by another consideration: an ambiguous statute should not be interpreted so as to violate the constitution, "because we will not presume that the legislature violated the constitution." *Wallace,* 905 N.E.2d at 371, 378. Article 1, Section 24 of the Indiana Constitution forbids enactment of any ex post facto law. *State v. Pollard,* 908 N.E.2d 1145, 1148 (Ind.2009). This ex post facto clause gives effect to "the fundamental principle that persons have a right to fair warning of that conduct which will give rise to criminal penalties." *Id.* (citing *Armstrong v. State,* 848 N.E.2d 1088, 1092 (Ind.2006)). Further,

our Supreme Court's analysis in *Wallace* held that when the registration statute as applied "imposes burdens that have the effect of adding punishment beyond that which could have been imposed when his crime was committed," it "violates the prohibition on ex post facto laws contained in the Indiana Constitution." *Wallace,* 905 N.E.2d at 384.

Pursuant to *Wallace,* to interpret the statute as does DOC and require a second ten-year registration period as a sex offender by either Greer or Maggi would violate the prohibition on ex post facto laws contained in the Indiana Constitution because it would "impose[] burdens that have the effect of adding punishment beyond that which could have been imposed when [their] crime[s] w[ere] committed." 905 N.E.2d at 384.

Greer was convicted of child molesting offenses in 1991; registration for the offenses was not even required until July 1, 1994; subsequently, Greer was convicted of driving-under-the-influence in 2006. When he committed the 1991 child molesting offense, he had not received fair warning that his conduct would give rise to having to register as a sex offender. *See Pollard,* 908 N.E.2d at 1148. Likewise, when he committed the 1991 child molesting offence, he could not have been required to register as a sex offender. *See Wallace* 905 N.E.2d at 384. Further, when he committed the driving-under-the-influence offense in 2006, the statute did not unambiguously provide that his punishment for doing so could include a second registration period as a sex offender for ten years. Hence, as applied to Greer, the DOC interpretation of the statute would impose on him "burdens beyond that which could have been imposed when his crime was committed." *Id.*

Even more clearly does the ex post facto analysis apply to whether Maggi was re-quired to register a second time. In 1998, Maggi was convicted of an offense in Illinois that would be the offense of possession of pornography in Indiana. Registration as a sex offender for that particular offense was not required, however, until July 1, 2007. *See* P.L. 216–2007, § 13 (codified at I.C. § 11–8–8–6(13)). Hence, we find it undisputed that neither when Maggi committed his initial offense in 1998, nor when he committed the subsequent driving-under-the-influence offense in 2004, did the statute require Maggi to register. Therefore, as applied to Maggi, the DOC interpretation of the statute imposed on him "burdens beyond that which could have been imposed when his crime was committed." *Wallace,* 905 N.E.2d at 384.

■ Greer also argued to the trial court, as he does on appeal, that application to him of the residency restriction enacted effective July 1, 2006, as a consequence of his 1991 child molesting convictions would likewise violate Indiana's constitutional prohibition of ex post facto laws. He cites our Supreme Court's recent decision in *Pollard.* 908 N.E.2d 1145. Referring to *State v. Pollard,* 886 N.E.2d 69 (Ind.Ct.App.2008), *vacated by* 908 N.E.2d 1145 (Ind.2009), the Defendants respond that the trial court correctly held that Greer's reliance on the *Pollard* opinion was misplaced because its holding was "linked to ownership of property, not mere residency, and there is no evidence that Greer owns property." (Plaintiffs' App. 21). As indicated, however, the *Pollard* decision to which both the Defendants and the trial court refer has since been vacated by our Supreme Court's *Pollard* opinion.

In *Pollard,* our Supreme Court's analysis was twofold: whether the residency restriction statute evidenced the legislature's intent to impose punishment; and whether the effect of the statute is puni-

tive. 908 N.E.2d at 1149–50. Only in its discussion of the legislature's intent does the opinion mention home ownership— when it notes the lack of any exemption from the restriction as to sex offenders "who owned their homes before the statute's effective date." *Id.* at 1149. Our Supreme Court then "assum[ed] without deciding that the legislature's intent was to create a civil, non-punitive, regulatory scheme" in enacting the statute, and proceeded to consider seven factors from *Kennedy v. Mendoza–Martinez*, 372 U.S. 144, 168–69, 83 S.Ct. 554, 9 L.Ed.2d 644 (1963), to determine whether the residency restriction statute had a punitive effect. 908 N.E.2d at 1149–53. It concluded that only two of the factors might indicate that the effects of the residency restriction statute were non-punitive, with the "remaining factors, particularly the factor of excessiveness" [8] indicating that the statute was punitive in effect. *Id.* 1154. Pollard had been "charged with, convicted of, and apparently served the sentence for a crime qualifying him as an offender against children before the residency restriction was enacted." *Id.* Therefore, the statute violated the Indiana Constitution's prohibition of an ex post facto law "as applied to Pollard."

As stated above, Greer was convicted in 1991 and paroled in 1996. Thus, as had Pollard, Greer had "served the sentence for a crime qualifying him as an offender against children before the registration restriction was enacted" in 2006. *Id.* Accordingly, the statute violated the Indiana Constitution's prohibition of an ex post facto law as applied to Greer.

■ Finally, we address the Plaintiffs' argument that we should remand to the trial court for a determination of whether class action certification is appropriate. The trial court found that "[b]ecause this action must be dismissed, class certification is a moot issue"; however, it then proceeded to conclude that "[e]ven were class certification not a moot point, it would have to be denied because the plaintiffs have not shown that a class action is proper under the applicable rules." (Plaintiffs' App. 22). It proceeded to find that Plaintiffs failed to show that it could satisfy any of the prerequisites for class action representation.[9]

■ Whether an action is maintainable as a class action is committed to the sound discretion of the trial court. *Associated Med. Networks, Ltd. v. Lewis*, 824 N.E.2d 679, 682 (Ind.2005). The representative plaintiffs have the burden to show that all requirements of Indiana Trial Rule 23(A) for class certification have been met. *Rene ex rel. Rene v. Reed*, 726 N.E.2d 808, 817 (Ind.Ct.App.2000). Specifically, the Rule provides that representatives may sue

> as representative parties on behalf of all *only if:*
> (1) the class is so numerous that joinder of all members is impracticable;
> (2) there are questions of law or fact common to the class;
> (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; *and*

---

8. This factor is " 'whether [the statute] appears excessive in relation to' " the statute's purpose, and was given "the greatest weight" in the *Pollard* analysis. 908 N.E.2d at 1153 (quoting *Mendoza–Martinez*, 372 U.S. at 169, 83 S.Ct. 554).

9. The trial court found that the Plaintiffs failed to demonstrate "that the class is so numerous that joinder of all members is impracticable"; "numerosity"; "that the plaintiffs' claims or defenses are typical of the claims or defenses of the class"; "common questions of law or fact"; or "representativeness" *Id.* at 23–25.

(4) the representative parties will fairly and adequately protect the interests of the class.

T.R. 23(A) (emphasis added). Failure to meet any one of the mandated requirements results in the denial of class status. *Rene,* 726 N.E.2d at 817.

The trial court expressly found that the "number of people who fit the [proposed class] definition is unknown, failing to show numerosity." (Plaintiffs' App. 24). We find nothing in the record to controvert this conclusion. The trial court further found that the Plaintiffs failed to show "representativeness," as "Greer and Maggi have factual and legal issues that separate them from others." *Id.* at 25. The tedious nature of some of the statutory history parsed above in order to address the specific statutory provisions applicable, based on the histories of both Greer and Maggi, clearly supports this conclusion by the trial court. Therefore, we find that the trial court did not abuse its discretion when it denied class action certification.

We hold that the trial court erred when it granted summary judgment to the Defendants on the Plaintiffs' claims that they were not required to register as sex offenders for a second ten-year period. We also hold that the trial court erred when it granted summary judgment to the Defendants on Greer's claim that the residency restriction statute violated his ex post facto rights under the Indiana Constitution. Accordingly, summary judgment should be granted to the Plaintiffs on these matters. As to the trial court's denial of class action certification, however, we affirm.

Affirmed in part and reversed in part.

ROBB, J., and NAJAM, J., concur.