## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Dec 31 2019, 6:48 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

APPELLANT PRO SE

Randall D. Hansen
New Castle, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

J.T. Whitehead
Deputy Attorney General
Indianapolis, Indiana

## IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Randall D. Hansen, *Appellant-Plaintiff,* | December 31, 2019 |
| | Court of Appeals Case No. 19A-PL-1042 |
| v. | Appeal from the Henry Circuit Court |
| State of Indiana, *Appellee-Respondent,* | The Honorable Kit C. Dean Crane, Judge |
| | Trial Court Cause No. 33C02-1809-PL-58 |

**Robb, Judge.**

# Case Summary and Issue

[1] Randall Hansen was convicted of criminal deviate conduct, a Class B felony, and sentenced to eighteen years in the Indiana Department of Correction ("DOC"). In 2017, Hansen was released on parole but, following a parole violation, was re-incarcerated. The DOC notified Hansen that, upon his release from the DOC, he was required to register as a sexually violent predator ("SVP") every ninety days for life. In 2018, Hansen filed a complaint for declaratory and injunctive relief challenging the registry requirement. The State filed a motion to dismiss Hansen's petition, which the trial court granted. Hansen appeals and raises numerous issues which we consolidate and restate as whether the trial court erred by granting the State's motion and dismissing Hansen's complaint. Concluding the trial court did not err, we affirm.

# Facts and Procedural History

[2] On July 31, 2006, Hansen was convicted of criminal deviate conduct, a Class B felony, for acts committed in September 2005. The trial court sentenced Hansen to eighteen years in the DOC. On September 28, 2011, the DOC notified Hansen that, upon his release, he would be required to register as a sex offender for ten years. Hansen was released on parole in January 2017. A parole violation warrant for Hansen was issued on August 14, 2017 and was served three days later. Hansen waived a preliminary hearing, pleaded guilty to

the alleged violation, and was returned to the DOC. *See* Appellant's Appendix, Volume [2] at 23-27.[1]

[3] On October 25, 2017, the DOC sent Hansen a Notice of Intent to Provide Information to Sex and Violent Offender Registry and Right to Appeal form. Hansen appealed.[2] In August 2018, Hansen was notified by the DOC that his appeal was denied because he had been classified as an SVP by operation of law and upon his release, he was required to register as an SVP every ninety days for life.

[4] In October 2018, Hansen filed a Complaint for Declaratory and Injunctive Relief, in which he argued that the lifetime registry requirement violated the equal protection, due process of law, and ex post facto clauses of the state and federal constitutions. The State filed a motion to dismiss Hansen's complaint for failure to state a claim upon which relief could be granted because Hansen is an SVP by operation of law. Hansen filed a brief in opposition to the State's motion. On February 25, 2019, the trial court granted the State's motion and dismissed Hansen's complaint. Hansen filed a motion to correct error, which was deemed denied. Hansen now appeals.

---

[1] Hansen's Table of Contents to the Appellant's Appendix and the Appellant's Appendix are both listed as "Volume 1 of 2[.]" This appears to be an error. For purposes of this opinion, the Table of Contents will be cited to as Volume 1 of the Appellant's Appendix and the Appellant's Appendix will be cited to as Volume [2].

[2] The facts and circumstances surrounding his appeal are limited and do not appear in the record.

# Discussion and Decision

## I. Standard of Review

Hansen appeals from the trial court's grant of the State's motion to dismiss his complaint, which we review as follows:

> The standard of review on appeal of a trial court's grant of a motion to dismiss for the failure to state a claim is de novo and requires no deference to the trial court's decision. The grant or denial of a motion to dismiss turns only on the legal sufficiency of the claim and does not require determinations of fact. A motion to dismiss under [Trial] Rule 12(B)(6) tests the legal sufficiency of a complaint: that is, whether the allegations in the complaint establish any set of circumstances under which a plaintiff would be entitled to relief. Thus, while we do not test the sufficiency of the facts alleged with regards to their adequacy to provide recovery, we do test their sufficiency with regards to whether or not they have stated some factual scenario in which a legally actionable injury has occurred.

*Doe v. Adams*, 53 N.E.3d 483, 491-92 (Ind. Ct. App. 2016) (quoting *Bellows v. Bd. of Comm'rs of Cty. of Elkhart*, 926 N.E.2d 96, 110 (Ind. Ct. App. 2010)), *trans. denied*. A complaint may not be dismissed for failure to state a claim upon which relief can be granted unless it is clear on the face of the complaint that the complaining party is not entitled to relief. *Greer v. Buss*, 918 N.E.2d 607, 614 (Ind. Ct. App. 2009).

Additionally, we note that Hansen has chosen to proceed pro se. It is well settled that pro se litigants are held to the same legal standards as licensed attorneys. *Evans v. State*, 809 N.E.2d 338, 344 (Ind. Ct. App. 2004), *trans.*

*denied*. Thus, pro se litigants are bound to follow the established rules of procedure and must be prepared to accept the consequences of their failure to do so. *Core v. State*, 122 N.E.3d 974, 977 (Ind. Ct. App. 2019).

## II. Hansen's Status

Hansen challenges his status as an SVP requiring him to register as such every ninety days for life. He argues that the 2007 amendment providing that a person is an SVP *by operation of law* if the person has committed a qualifying offense and is released after June 30, 1994, which was enacted after he committed his offense, violates Indiana's prohibition against ex post fact laws.[3] Brief of Appellant at 11 (citing Ind. Const. art. 1, § 24).

Article 1, section 24 of the Indiana Constitution states, "No *ex post facto* law . . . shall ever be passed." "[T]he Ex Post Facto Clause forbids laws imposing punishment for an act that was not otherwise punishable at the time it was committed or imposing additional punishment for an act then proscribed." *Lemmon v. Harris*, 949 N.E.2d 803, 809 (Ind. 2011). The Indiana Sex Offender Registration Act (the "Act") generally requires persons convicted of certain offenses to register with local law enforcement agencies and to disclose detailed

---

[3] In his complaint filed with the trial court, Hansen argued that the lifetime registry requirement violated the equal protection, due process of law, and ex post facto clauses of the state and federal constitutions. However, on appeal, Hansen argues that the requirement only violates Indiana's ex post facto clause and therefore, he has waived any argument with respect to its constitutionality under the equal protection and due process clauses. *See* Ind. Appellate Rule 46(A)(8)(a).

personal information. *Id*. at 805. Since its enactment in 1994, the Act has gone through a series of amendments significant to the case before us. *Id*. at 806.

[9]     In 1997, a sex offender was defined as a person convicted of a qualifying offense after June 30, 1994. *Id*. A sex offender was required to register with local law enforcement agencies and to disclose certain personal information for ten years after his release. *Id*. Effective July 1, 1998, our legislature amended the Act to add an SVP status, which was defined as an "individual who suffers from a mental abnormality or personality disorder that makes the individual likely to repeatedly engage" in certain offenses, including criminal deviate conduct. Ind. Code § 5-2-12-4.5 (1998); *see* Pub. L. No. 56-1998. The trial court was required to determine SVP status at the sentencing hearing and an SVP was required to register for an indefinite period. Ind. Code §§ 35-38-1-7.5(d) (1998); 5-2-12-13(b). Notably, effective in 2003, an amendment was added which required lifetime registration for SVPs. *Lemmon*, 949 N.E.2d at 806; Ind. Code § 11-8-8-19(b) (2006). In 2007, the Act was amended to provide that a person is an SVP *by operation of law* if the person has committed a qualifying offense,[4] and was released from incarceration, secure detention, or probation for the offense after June 30, 1994. Ind. Code § 35-38-1-7.5 (2007); *see also Lemmon*, 949 N.E.2d at 806.

---

[4] In 2005, criminal deviate conduct pursuant to Indiana Code 35-42-4-2 (prior to its repeal and recodification) was a qualifying offense. *See* Ind. Code § 35-38-1-7.5(b)(1)(B).

[10]     The crux of Hansen's argument is that he cannot be classified as an SVP by operation of law and required to register for life under the 2007 statutory amendment as it was not in existence when he committed the underlying offense in 2005. He contends that his offense "could not have qualified him as SVP at the time he committed the offense on September of 2005 and the amendment of I.C. 35-38-1-7.5(b)(2006) and parole statute I.C. 35-50-6-1(e) was not yet in existence" and thus, it violates the ex post facto clause of the Indiana Constitution. Br. of Appellant at 13.[5] Hansen's main assertion, however, has already been decided against his position.

[11]     In *Lemmon v. Harris*, our supreme court considered this very question in a nearly identical factual scenario where Harris, a sex offender, had committed his crimes *before* our legislature created the SVP status. 949 N.E.2d at 804. Prior to the 2007 amendment, Harris had been classified as a sex offender and was required to register as such for a period of ten years after his release. *Id.* at 805. Following the 2007 amendment, the DOC informed Harris that he was an SVP by operation of law and was required to register as an SVP for life. *Id.* Harris challenged his status and argued that his classification as an SVP under the

---

[5] He further argues that two experts had evaluated him in June 2006 and both determined he was not an SVP. In 2006, the trial court could find a person an SVP based on the offense committed or based on consultation with two psychologists or psychiatrists who considered whether the person suffered from a mental abnormality or personality disorder making the person likely to repeatedly engage in prohibited conduct. Ind. Code § 35-38-1-7.5(a), (e) (1998). Currently, consultation with experts is only required if the person is not an SVP because of the offense committed but the prosecuting attorney requests a hearing to determine whether the person could be considered an SVP under this definition. Ind. Code § 35-38-1-7.5(e).

2007 amendment, which converted his ten-year registration requirement into a lifetime-registration requirement, violated our ex post facto clause. *Id*. at 809.

[12] In determining whether the Act violated our ex post facto clause, our supreme court explained that with the 2007 amendment, our legislature had changed the Act from requiring a trial court to determine SVP status at the sentencing hearing to the "automatic designation of SVP status." *Id*. at 808. At the time Harris was released from prison, the amendment was in effect and provided that a person is an SVP by operation of law pursuant to Indiana Code section 35-38-1-7.5(b) if he committed a designated offense. *Id*. The court held that the amendment explicitly stated the provisions apply to persons who commit the designated offenses and are released from incarceration, secure detention, or probation for the offense *after* June 30, 1994. *Id*. at 809. Therefore, by the amendment's plain language, the court concluded it applied retroactively to Harris. *Id*. The court also held the amendment's application to Harris, extending the length of his registry requirement, was non-punitive and thus, did not violate the ex post facto clause. *Id*. at 809-12.

[13] Our supreme court's decision in *Lemmon* governs the result in this case. Here, Hansen committed his offense in 2005 and was convicted of criminal deviate conduct in 2006. Like the defendant in *Lemmon*, Hansen committed the offense prior to the 2007 amendment, and he committed one of the qualifying offenses and will be released after June 30, 1994. Ind. Code § 35-38-1-7.5(b). Because the amendment retroactively applies to Hansen, he is an SVP by operation of law and is required to register as such every ninety days for life. Therefore, we

conclude the trial court did not err in dismissing Hansen's complaint because it is clear on the face of his complaint that he is not entitled to relief.[6]  *See Greer*, 918 N.E.2d at 614; *see also Doe*, 53 N.E.3d at 491.

# Conclusion

The trial court did not err in dismissing Hansen's complaint because it is apparent that the facts alleged in his pleading are incapable of supporting relief under any set of circumstances.  Accordingly, the judgment of the trial court is affirmed.

Affirmed.


Mathias, J., and Pyle, J., concur.

---

[6] We decline to address the merits of several other issues raised by Hansen in his brief.  First, Hansen challenges the revocation of his parole, as well as the parole conditions imposed.  However, in Hansen's filings with the trial court, he only challenged his status as an SVP and the lifetime registry requirement. Because these issues were not raised to the trial court, they are waived.  *N.C. v. Ind. Dep't of Child Servs.*, 56 N.E.3d 65, 69 (Ind. Ct. App. 2016) ("[A] party may not raise an issue for the first time on appeal."), *trans. denied*. Second, Hansen appears to argue the trial court erred by failing to treat his complaint as a petition for post-conviction relief given the substance of his complaint.  We conclude that Hansen lacks a viable claim with respect to this issue as he cannot now change his position and argue that he intended to file for post-conviction relief in response to an unfavorable judgment.  *See Richardson v. Hansrote*, 883 N.E.2d 1165, 1173 (Ind. Ct. App. 2008) ("A party cannot maintain one position before the trial court and another position on appeal."); *see also* Ind. Post-Conviction Rule 1(1)(a) (describing claims available on post-conviction) and *Lemmon*, 949 N.E.2d at 805 (deciding the same issue raised by a complaint for declaratory judgment and injunctive relief).  Lastly, to the extent Hansen argues the trial court lacked jurisdiction to entertain his complaint, he is incorrect and fails to provide any authority to support this proposition. Our trial courts are courts of general jurisdiction, *Davis v. Simon*, 963 N.E.2d 46, 51 (Ind. Ct. App. 2012), and therefore, subject matter jurisdiction is presumed, *Fry v. Fry*, 8 N.E.3d 209, 215 (Ind. Ct. App. 2014).  And Indiana courts have held that certain types of DOC actions may be reviewed by our courts, including petitions for declaratory and injunctive relief.  *State v. Moore*, 909 N.E.2d 1053, 1056 (Ind. Ct. App. 2009), *trans. denied*.  Therefore, Hansen has no viable claim with respect to the trial court's jurisdiction in this matter.  With respect to these issues, we also note that State only argued waiver.  The State's brief in this case did not aid us in deciding this matter.