## Stuart A. CLAMPITT, Appellant–Defendant,

v.

## STATE of Indiana, Appellee–Plaintiff.

### No. 49A04–0912–CR–686.

Court of Appeals of Indiana.

May 24, 2010.

Stuart A. Clampitt, New Castle, IN, Appellant Pro Se.

Gregory F. Zoeller, Attorney General of Indiana, Zachary J. Stock, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

BARNES, Judge.

### Case Summary

Stuart Clampitt appeals his status as a sexually violent predator ("SVP"). We affirm.

### Issue

Clampitt raises one issue, which we restate as whether the trial court properly denied his motion to remove his SVP status.

### Facts[1]

In 1995, then twenty-two-year-old Clampitt engaged in a sexual relationship with fifteen-year-old M.M. As a result of this relationship, in 1996, Clampitt was convicted of Class C felony child molesting in Hendricks County, Class C felony sexual misconduct with a minor in Montgomery County, and Class C felony sexual misconduct with a minor in Marion County.

Clampitt is still incarcerated on these offenses. At some point, Clampitt noticed that he is listed as a "sex predator" on the online Indiana Sheriffs' Sex and Violent Offender Registry. App. p. 31. On September 30, 2009, Clampitt filed pro se a motion to remove his sexually violent predator status in Marion County. In the motion, Clampitt argued that he should not have been categorized a SVP.

On October 28, 2009, the trial court denied his motion. The trial court reasoned:

While the State apparently agrees that no action of this court should label the defendant a "Sexually Violent Predator," the defendant has that status because of a number of prior unrelated sex offense convictions he has. While the conviction from this court, standing alone, might not obligate him to satisfy the requirements imposed upon a Sexually Violent Predator, multiple unrelated convictions may.

*Id.* at 37. Clampitt now appeals.

### Analysis

Clampitt argues that the trial court improperly denied his motion to remove his SVP status. He claims that the application of the current SVP statute is an ex post facto law as applied to him, that he was denied due process when he was categorized a SVP, and that it is inappropriate to classify him as a SVP. *See* Ind.Code § 35–38–1–7.5. Clampitt specifically asserts:

Although the trial court did not determine Clampitt was an SVP at his original sentencing hearing, the DOC has determined him as an SVP without prior notice or a hearing, and without authority under the SVP statute. Clampitt did not realize he was determined to be an SVP until he noticed the words "SEX PREDATOR" listed below his picture on Indiana's Online Sex Offender Registry.

Appellant's Reply Br. p. 4. Clampitt's argument seems to be based on the assumption that the "sex predator" status on the online sex offender registry is the equivalent of a SVP determination and the assumption that the Department of Correction or the sheriff's department, not the trial court, determined he was a SVP. Based on the record before us, it is not clear when or in what context Clampitt was determined to be a SVP or "sex predator." Without a more established rec-

---

1. The facts are based on the limited information contained in the record.

ord, we are unable to address Clampitt's claim.

Our research reveals, however, that the 2010 session of the Indiana General Assembly enacted an amended statute that was effective March 24, 2010, and provides guidance on the appropriate procedures for challenging a person's status as a sex offender. Indiana Code Section 11–8–8–22 as amended provides:

(a) As used in this section, "offender" means a sex offender (as defined in section 4.5 of this chapter) and a sex or violent offender (as defined in section 5 of this chapter).

(b) Subsection (g) applies to an offender required to register under this chapter if, due to a change in federal or state law after June 30, 2007, an individual who engaged in the same conduct as the offender:

(1) would not be required to register under this chapter; or

(2) would be required to register under this chapter but under less restrictive conditions than the offender is required to meet.

(c) A person to whom this section applies may petition a court to:

(1) remove the person's designation as an offender; or

(2) require the person to register under less restrictive conditions.

(d) A petition under this section shall be filed in the circuit or superior court of the county in which the offender resides. If the offender resides in more than one (1) county, the petition shall be filed in the circuit or superior court of the county in which the offender resides the greatest time. If the offender does not reside in Indiana, the petition shall be filed in the circuit or superior court of the county where the offender is employed the greatest time. If the offender does not reside

or work in Indiana, but is a student in Indiana, the petition shall be filed in the circuit or superior court of the county where the offender is a student. If the offender is not a student in Indiana and does not reside or work in Indiana, the petition shall be filed in the county where the offender was most recently convicted of a crime listed in section 5 of this chapter.

(e) After receiving a petition under this section, the court may:

(1) summarily dismiss the petition; or

(2) give notice to:

(A) the department;

(B) the attorney general;

(C) the prosecuting attorney of:

(i) the county where the petition was filed;

(ii) the county where offender was most recently convicted of an offense listed in section 5 of this chapter; and

(iii) the county where the offender resides; and

(D) the sheriff of the county where the offender resides;

and set the matter for hearing. The date set for a hearing must not be less than sixty (60) days after the court gives notice under this subsection.

(f) If a court sets a matter for a hearing under this section, the prosecuting attorney of the county in which the action is pending shall appear and respond, unless the prosecuting attorney requests the attorney general to appear and respond and the attorney general agrees to represent the interests of the state in the matter. If the attorney general agrees to appear, the attorney general shall give notice to:

(A) the prosecuting attorney; and

(B) the court.

(g) A court may grant a petition under this section if, following a hearing, the court makes the following findings:

(1) The law requiring the petitioner to register as an offender has changed since the date on which the petitioner was initially required to register.

(2) If the petitioner who was required to register as an offender before the change in law engaged in the same conduct after the change in law occurred, the petitioner would:

(A) not be required to register as an offender; or

(B) be required to register as an offender, but under less restrictive conditions.

(3) If the petitioner seeks relief under this section because a change in law makes a previously unavailable defense available to the petitioner, that the petitioner has proved the defense.

The court has the discretion to deny a petition under this section, even if the court makes the findings under this subsection.

(h) The petitioner has the burden of proof in a hearing under this section.

(i) If the court grants a petition under this section, the court shall notify:

(1) the victim of the offense, if applicable;

(2) the department of correction; and

(3) the local law enforcement authority of every county in which the petitioner is currently required to register.

(j) An offender may base a petition filed under this section on a claim that the application or registration requirements constitute ex post facto punishment.

(k) A petition filed under this section must:

(1) be submitted under the penalties of perjury;

(2) list each of the offender's criminal convictions and state for each conviction:

(A) the date of the judgment of conviction;

(B) the court that entered the judgment of conviction;

(C) the crime that the offender pled guilty to or was convicted of; and

(D) whether the offender was convicted of the crime in a trial or pled guilty to the criminal charges; and

(3) list each jurisdiction in which the offender is required to register as a sex offender or a violent offender.

(*l*) The attorney general may initiate an appeal from any order granting an offender relief under this section.

The procedures set out in the amended statute allow the trial court, and this court on appeal, to be fully informed of a sex offender's circumstances, including the offender's full criminal history, dates of offenses, and reason for being required to register. Further, all interested parties are given notice of the proceedings. For these reasons, we direct Clampitt to file a petition in the proper county pursuant to the amended Indiana Code Section 11–8–8–22.

### Conclusion

We affirm the trial court's denial of Clampitt's petition. However, because of the General Assembly's amendment of Indiana Code Section 11–8–8–22, effective March 24, 2010, we direct Clampitt to file an amended petition in compliance with Indiana Code Section 11–8–8–22. Clampitt should file the petition in the county in which he resides, pursuant to Indiana Code Section 11–8–8–22(d). We direct the

trial court in that county to consider the petition in light of the amended Indiana Code Section 11–8–8–22. We affirm.

Affirmed.

BAILEY, J., and MAY, J., concur.