**Stuart A. CLAMPITT, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

**No. 54A01–1002–CR–64.**

Court of Appeals of Indiana.

Sept. 1, 2010.

See also 928 N.E.2d 210.

---

Stuart A. Clampitt, Crawfordsville, IN, Appellant pro se.

Gregory F. Zoeller, Attorney General of Indiana, Monika Prekopa Talbot, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

RILEY, Judge.

### STATEMENT OF THE CASE

Appellant–Defendant, Stuart A. Clampitt (Clampitt), appeals the trial court's Order denying his motion to remove his status as a sexually violent predator (SVP).

We reverse and remand with instructions.

### ISSUE

Clampitt raises five issues for our review, one of which we find dispositive and which we restate as follows: Whether the trial court has jurisdiction to rule on his motion to remove his SVP status.

### FACTS AND PROCEDURAL HISTORY

The following facts are taken from this court's opinion in Clampitt's earlier appeal, filed in Marion County:

> In 1995, then twenty-two-year-old Clampitt engaged in a sexual relationship with fifteen-year-old M.M. As a result of this relationship, in 1996, Clampitt was convicted of Class C felony child molesting in Hendricks County, Class C felony sexual misconduct with a minor in Montgomery County, and Class C felony sexual misconduct with a minor in Marion County.

Clampitt is still incarcerated on these offenses. At some point, Clampitt noticed that he is listed as a "sex predator" on the online Indiana Sheriffs' Sex and Violent Offender Registry. App. p. 31. On September 30, 2009, Clampitt filed *pro se* a motion to remove his sexually violent predator status in Marion County. In the motion, Clampitt argued that he should not have been categorized a SVP.

On October 28, 2009, the trial court denied his motion. The trial court reasoned:

> While the State apparently agrees that no action of this court should label the defendant a "Sexually Violent Predator," the defendant has that status because of a number of prior unrelated sex offense convictions he has. While the conviction from this court, standing alone, might not obligate him to satisfy the requirements imposed upon a Sexually Violent Predator, multiple unrelated convictions may.

*Clampitt v. State*, 928 N.E.2d 210, 211 (Ind.Ct.App.2010). We affirmed the trial court's denial of Clampitt's motion. *Id.* at 213. However, we directed Clampitt to file an amended petition in compliance with Indiana Code section 11–8–8–22, which our legislature amended, effective March 24, 2010, to provide guidance on the procedures to challenge a person's status as a sex offender. Finally, we directed the trial court in the county where the amended petition would be filed to consider the petition in light of the amended Indiana Code section 11–8–8–22. *Id.*

On November 20, 2009, Clampitt filed a motion to remove his SVP status in Montgomery County. On February 4, 2010, a hearing was held on that motion. That same day, the trial court issued an Order and stated the following:

The [c]ourt in its Sentencing Order did not find that [Clampitt] was a [SVP] and did not label him such.

However, the [c]ourt does not have jurisdiction in [Clampitt's] criminal case to grant his motion. The [c]ourt has no jurisdiction over the Sheriff's Department, the Indiana Sherriff's Association, or the Indiana Department of Corrections in this case at this stage of the proceedings to enter an order that would be binding or effective with regard [to] the Montgomery County Sheriff, the Indiana Sherriff's Association, or the Department of Correction[ ].

(Appellant's App. p. 31). For those reasons, the trial court denied Clampitt's motion.

Clampitt now appeals. Additional facts will be provided as necessary.

### DISCUSSION AND DECISION

Clampitt argues, and the State concedes, that the trial court erred when it denied his motion to remove his name from Indiana's sex offender registry. Specifically, Clampitt contends that pursuant to the amendment of Indiana Code section 11–8–8–22, the Indiana General Assembly provides trial courts with jurisdiction and guidance on the appropriate procedures to follow when a person challenges his status as a SVP.[1]

In Clampitt's previous appeal in Marion County, we addressed the same issue and advised him to file his petition in the county in which he resides. Additionally, we advised the trial court in the county where he filed an amended petition to follow the procedures set forth in I.C. § 11–8–8–22. However, after filing his revised petition, the trial court now denied Clampitt's motion based on its perceived lack of jurisdiction over the Montgomery County Sheriff's Department, the Indiana Sheriff's Association, and the Department of Correction. We now direct the trial court to I.C. § 11–8–8–22(e):

> (e) After receiving a petition under this section, the court may:
>
> (1) summarily dismiss the petition; or
>
> (2) give notice to:
>
> (A) the department;
>
> (B) the attorney general;
>
> (C) the prosecuting attorney of:
>
> (i) the county where the petition was filed;
>
> (ii) the county where offender was most recently convicted of an offense listed in section 5 of this chapter; and
>
> (iii) the county where the offender resides; and
>
> (D) the sheriff of the county where the offender resides;
>
> and set the matter for hearing. The date set for a hearing must not be less than sixty (60) days after the court gives notice under this subsection.

(Emphasis added).

The procedures set forth in the amended statute allow the trial court, and this court on appeal, to be fully informed of a sex offender's circumstances, including the offender's full criminal history, dates of offenses, and reason for being required to

---

1. Clampitt also claims that the application of the current SVP statute is an *ex post facto* law as applied to him, that he was denied due process when he was categorized a SVP because he was never provided with notice and a hearing by the Department of Correction or the Sheriff's Department, and that it is inappropriate to classify him as a SVP. Based on the record Clampitt has provided us, it is not clear when or in what context Clampitt was determined to be a SVP or sex predator. Without a more established record, we are unable to address Clampitt's claim.

register. Further, I.C. § 11–8–8–22(e) allows the trial court to provide notice of the proceedings to all interested parties and then set a hearing. For these reasons, we direct the trial court in the county where he filed his amended petition to consider the petition in light of I.C. § 11–8–8–22(e).

Reversed and remanded with instructions.

KIRSCH, J., and BAILEY, J., concur.