

FILED
Sep 22 2015, 8:59 am
CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEYS FOR APPELLANT

David W. Stone IV
Stone Law Office & Legal Research
Anderson, Indiana

Allen R. Stout
Stout Law Group, P.C.
Angola, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Tyler G. Banks
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Kile Richard Stockert,

*Appellant-Defendant*,

v.

State of Indiana,

*Appellee-Plaintiff*.

September 22, 2015

Court of Appeals Case No.
76A04-1504-CR-144

Appeal from the Steuben Circuit
Court

The Honorable Allen N. Wheat,
Judge

Trial Court Cause No.
76C01-1312-FB-1093

**Brown, Judge.**

[1] Kile Richard Stockert ("Stockert") appeals the trial court's denial of his petition for declaratory judgment seeking to overturn the Department of Correction ("DOC") designation that he is a sexually violent predator and offender against children ("SVP"). He raises one issue which we revise and restate as whether the court erred in denying his petition for declaratory judgment. We affirm.

## Facts and Procedural History

[2] On December 9, 2013, the State charged Stockert with Count I, rape as a class B felony; Counts II-IV, criminal deviate conduct as class B felonies; Counts V-VI, criminal confinement as class D felonies; and Count VII, strangulation as a class D felony. On March 26, 2014, Stockert entered a plea of guilty to Count IV, criminal deviate conduct as a class B felony, and the six remaining charges were dismissed.[1] On June 16, 2014, the trial court held a sentencing hearing, at which it entered a judgment of conviction on Count IV, criminal deviate conduct as a class B felony, and sentenced Stockert to six years in the DOC with three years executed and three years suspended with two years of probation. The court noted that Stockert "pled guilty . . . to the offense of criminal deviate conduct," and stated that it was required to "order and direct that you register and be on the sex offender registry for ten (10) years, Sir, because of the nature of this offense. The court has, I'm not implying I

---

[1] The record does not contain a copy of the guilty plea transcript.

wouldn't put you on it anyway, the court doesn't have any discretion in that regard." Transcript at 14-16.

[3] The trial court's Judgment of Conviction, Sentence and Commitment Order did not mention any reporting requirements applicable to Stockert following the completion of his sentence. The presentence investigation report ("PSI") noted that Stockert was not an offender against children, was not a credit restricted felon, and would be required to register as a sex offender or violent offender for ten years following his release from incarceration. On the day of sentencing, the probation department provided Stockert with a form titled "Special Conditions for Adult Sex Offenders." Appellant's Appendix at 28. The form contained conditions classifying sex offenders as sexually violent predators, not sexually violent predators, and offenders against children. Condition 2, which "[a]pplies to sex offenders who are NOT sexually violent predators," was checked on the form. *Id.* Condition 1, which "[a]pplies only to sexually violent predators," was not checked. *Id.*

[4] On December 10, 2014, the DOC sent Stockert a "Notice of Intent to Provide Information to Sex and Violent Offender Registry and Right to Appeal," which notified him that he was an SVP and would be placed on the Sex and Violent Offender Registry ("Registry") for life. Stockert appealed his SVP status, and, on January 16, 2015, the DOC denied his appeal.

[5] On February 24, 2015, Stockert filed a petition for declaratory judgment challenging his classification as an SVP and requesting that the court "sustain[]

its original judgment of conviction . . . and direct[] the [DOC] to remove designations against [Stockert] as a sexually violent predator, as an offender against children, and the requirement to register as a sex offender for life." *Id.* at 20.

On March 12, 2015, the court held a hearing on Stockert's petition for declaratory judgment, and, on March 16, 2015, it denied the petition. The order states in part:

> 6. Once at the IDOC, Stockert by virtue of the crime to which he had plead guilty, was advised that he was a sexually violent predator, and, upon being released from incarceration would be required to register as a sex offender for life rather than for ten (10) years.
>
> 7. At all times relevant hereto Stockert was, in fact, a sexually violent predator pursuant to Ind. Code 35-38-1-7.5(b)(1)(B).
>
> 8. Stockert contends that the case *Becker v. State*, 992 N.E.2d 697 (Ind. 2013) is controlling in his request for relief from this Court.
>
> * * * * *
>
> 18. Stockert contends that the IDOC cannot now classify him as a sexually violent predator because the probation order approved by the Court designated him as a non-sexually violent predator. Stockert continues with his argument that since the State failed to appeal this erroneous classification by the trial court, under the doctrine of <u>res</u>

judicata, the IDOC is now without lawful authority to correct this error <u>sua sponte</u>.

19. The Court concludes that the facts in *Becker* are distinguishable from the facts in the case at bar. In *Becker*, the trial court in a contested post-judgment hearing conducted in 2008 found that the statutory amendments to Ind. Code 35-38-1-7.5 represented an unconstitutional <u>ex post facto</u> law as applied to Mr. Becker. The State did not appeal this ruling. Therefore, the doctrine of <u>res judicata</u> prevented the State from re-litigating this very issue on appeal following a second hearing conducted in 2011.

20. Unlike *Becker*, in the case at bar, there has been no post-judgment/sentencing hearing from which the State failed to appeal an adverse ruling. Stockert's status as a sexually violent predator was determined by "operation of law" the second that the Court accepted his guilty plea to the crime of criminal deviate conduct, and entered judgment in accordance therewith on June 16, 2014. This Court was without lawful authority to classify, or not classify, Stockert as a sexually violent predator. Incorrectly marking a box on a probation order does not alter this fact. As observed by the Court in the case *Flanders v. State*, 955 N.E.2d 732 (Ind. [Ct.] App. 2011)[, *reh'g denied, trans. denied*], in discussing the recent Supreme Court decision of *Lemmon v. Harris*, 949 N.E.2d 803 (Ind. 2011), the Court observed at page 747:

   "… At some point after the 2007 amendment to Indiana Code Section 35-38-1-7.5, the DOC informed Harris that he was an SVP and had to register for life. Harris filed a complaint arguing that the DOC lacked authority to make an SVP determination and that he should be required to

register for only ten years. The trial court granted declaratory and injunction [sic] relief for Harris, and the DOC appealed. We affirmed, but the supreme court granted transfer and reversed.

The court noted that previous versions of the statute required the trial court to make an SVP determination at sentencing, but since 2007, the classification occurs by operation of law if the person has committed an enumerated offence [sic]… The statute does not grant the DOC any authority to classify or reclassify. SVP status under Indiana Code Section 35-38-1-7.5(b) is determined by the statute itself…" (Citations omitted; Quotation marks omitted)

Appellant's Appendix at 7, 9-11.

## Discussion

[7] The issue is whether the court erred in denying Stockert's petition for declaratory judgment. At the time of the hearing, Ind. Code § 35-38-1-7.5(b)(1) provided in relevant part:

(b) A person who:

(1) being at least eighteen (18) years of age, commits an offense described in:

(B) IC 35-42-4-2 (before its repeal on July 1, 2014);

\* \* \* \* \*

is a sexually violent predator. Except as provided in subsection (g) or (h), a person is a sexually violent predator by operation of law if an offense committed by the person satisfies the conditions set forth in subdivision (1) or (2) and the person was released from incarceration, secure detention, probation, or parole for the offense after June 30, 1994.

\* \* \* \* \*

(d) At the sentencing hearing, the court shall indicate on the record whether the person has been convicted of an offense that makes the person a sexually violent predator under subsection (b).

\* \* \* \* \*

(f) If a person is a sexually violent predator:

> (1) the person is required to register with the local law enforcement authority as provided in IC 11-8-8; and

> (2) the court shall send notice to the department of correction.

(g) A person who is a sexually violent predator may petition the court to consider whether the person should no longer be considered a sexually violent predator. The person may file a petition under this subsection not earlier than ten (10) years after:

> (1) the sentencing court or juvenile court makes its determination under subsection (e); or

(2) the person is released from incarceration or secure detention.[2]

Ind. Code § 11-8-8-19(b) provided that "[a] sex or violent offender who is a sexually violent predator is required to register for life."[3]

[8] Stockert argues that the State's failure to object to the statements in his PSI and special probation conditions, which indicated that he was a sex offender rather than an SVP, amounts to invited error. He contends that the invited error doctrine should "prevent the [S]tate, through the DOC, from altering the punishment imposed" on him. Appellant's Brief at 7. He also contends that *res judicata* should bind the DOC to "the determinations made by the trial court that Stockert was not a sexually violent predator . . . since any error was invited by the prosecutor in not objecting to such determination at the sentencing hearing." *Id.* at 8. He states that Ind. Code 35-38-1-7.5(d) requires a trial court, at sentencing, to "indicate on the record whether the person has been convicted of an offense that makes the person a sexually violent predator under subsection (b)," and that the trial court made no such finding at the sentencing hearing. *Id.* at 9 (quoting Ind. Code § 35-38-1-7.5(d)). Stockert maintains that the "necessity

---

[2] Subsequently amended by Pub. L. No. 158-2013, § 394 (eff. July 1, 2014); Pub. L. No. 168-2014, § 57 (eff. July 1, 2014).

[3] Subsequently amended by Pub. L. No. 158-2013, § 176 (eff. July 1, 2014); Pub. L. No. 168-2014, § 23 (eff. July 1, 2014); Pub. L. No. 5-2015, § 33 (eff. April 15, 2015).

for the trial judge to determine that a defendant is a sexually violent predator trumps [subsection (b)]." *Id.*

[9] The State's position is that Stockert is an SVP by operation of law and that "neither the trial judge, nor the probation department has the authority to make an SVP determination." Appellee's Brief at 6. It contends that, even if the trial court prescribed a ten-year registration requirement, the sentence would have to be vacated due to its illegality, that the sentencing order's silence regarding Stockert's registration did not provide it with an adverse ruling from which it could object, and that the State was not a party to Stockert's probation, which shows that the invited error doctrine does not apply.

[10] We find instructive *Nichols v. State*, 947 N.E.2d 1011 (Ind. Ct. App. 2011), *reh'g denied*. In that case, Nichols pleaded guilty, pursuant to a plea agreement, to three counts of child molesting as class C felonies. *Nichols*, 947 N.E.2d at 1014. The plea agreement recited each of the statutory requirements for sex offender registration for a ten-year period or for life. *Id.* The trial court accepted the plea, sentenced Nichols, and issued an order stating that Nichols would be required to register as a sex offender for ten years. *Id.* The DOC later notified the trial court that its order providing for the ten-year registration period appeared to be in error and it had determined that Nichols would be required to register for life. *Id.* Nichols filed a Motion for Correction of Sex Offender Registry, pointing to the terms of the plea agreement and sentencing order and requesting that the trial court order the DOC to revise his status on the Registry to a ten-year period. *Id.* The trial court denied Nichols's motion. *Id.* On

appeal, Nichols argued that he must be required to register as a sex offender for ten years because the DOC, not the trial court, imposed the lifetime registration requirement upon him, and this was contrary to the court's sentencing order. *Id.* at 1016. We held that "placement on the Registry is mandatory, and the [Sex Offender Registration Act (the "Act")] affords neither the trial court nor the DOC any discretion in the matter of the registration requirements." *Id.* at 1017. We also held that plea agreements have no effect on operation of the Act, that the length of the applicable reporting period is determined by the Act itself and not by any plea agreement, the trial court, or the DOC, and that the trial court did not abuse its discretion in denying Nichols's motion. *Id.* at 1017.

[11] By virtue of his 2014 conviction for criminal deviate conduct as a class B felony, Stockert is an SVP by operation of law under Ind. Code 35-38-1-7.5(b) and is required to register for life. *See* Ind. Code § 11-8-8-19(b) ("[a] sex or violent offender who is a sexually violent predator is required to register for life"). The length of Stockert's required reporting period is determined by the applicable statutes and not by the trial court or the DOC.

[12] Based on the record and Ind. Code § 35-38-1-7.5(b) and § 11-8-8-19(b), we conclude that the trial court did not err in denying Stockert's petition for declaratory judgment. *See Nichols*, 947 N.E.2d at 1017 (holding that the applicable reporting period is determined by the statutes and not by the trial court or the DOC); *see also Lemmon v. Harris,* 949 N.E.2d 803, 808 (Ind. 2011) (stating "under the 2007 Amendment, the Legislature had changed the Act from requiring the court to determine SVP status at the sentencing hearing to

the 'automatic designation of SVP status,'" and that "[a]t the time Harris was released from prison in December 2007, the sentencing court was no longer required to have 'determined' a person's SVP status"); *Vickery v. State,* 932 N.E.2d 678, 683 (Ind. Ct. App. 2010) (explaining that a conviction for an enumerated crime under the statute establishes a defendant's status as an SVP "by operation of law"); *Marlett v. State*, 878 N.E.2d 860, 870 (Ind. Ct. App. 2007) (noting that convictions for certain crimes mandate an automatic sexually violent predator finding), *trans. denied*.

## Conclusion

[13] For the foregoing reasons, we affirm the trial court's denial of Stockert's petition for declaratory judgment.

[14] Affirmed.

Riley, J., and Altice, J., concur.