## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Feb 28 2018, 9:53 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Kimberly A. Jackson
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Caryn N. Szyper
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

H.D.P.,

*Appellant-Respondent,*

v.

State of Indiana,

*Appellee-Petitioner.*

February 28, 2018

Court of Appeals Case No.
47A04-1710-JV-2351

Appeal from the Lawrence Circuit Court

The Honorable Andrea K. McCord, Judge

The Honorable John M. Plummer, III, Referee

Trial Court Cause No.
47C01-1705-JD-272

**Najam, Judge.**

# Statement of the Case

[1] H.D.P. appeals the juvenile court's entry of a restitution order against him. H.D.P. raises one issue for our review, which we restate as the following two issues:

> 1. Whether the juvenile court abused its discretion when it ordered him to pay restitution and detention costs.
>
> 2. Whether he was denied the effective assistance of counsel.

[2] We affirm.

# Facts and Procedural History

[3] On March 1, 2017, H.D.P., then sixteen years old, and Kurt Kimberly, an adult, broke into a barn that belonged to Joyce Chenowith and took her truck. The next day, law enforcement officers recovered the truck. One of the officers received an estimate of the damages to the truck from a body shop. The body shop estimated that it would cost $26,676.64 to fix the vehicle. Chenowith indicated to the State that her insurance company had reimbursed her for all but $8,701.10 of her losses. On May 31, 2017, the State filed a request to file a delinquency petition against H.D.P., which alleged that H.D.P. had committed what would be burglary, as a Level 5 felony, and auto theft, as a Level 6 felony, if committed by an adult. The juvenile court approved that filing the same day.

[4] The juvenile court held a pretrial conference on August 31. At the pretrial conference, H.D.P.'s counsel stated that H.D.P. "intends to admit to an

amended specification" under which he agreed to admit to criminal trespass, as a Class A misdemeanor, if committed by an adult. Tr. Vol. II at 20. The court then asked if there was an agreed upon disposition. H.D.P.'s attorney responded: "The only agreement is concerning [sic] he will pay restitution and we understand the balance to be eight-thousand-seven-hundred-and-seven dollars and ten cents ($8,707.10)." *Id.* The State then confirmed that H.D.P.'s counsel had accurately described the agreement.

[5] In exchange for his agreement to admit to criminal trespass, as a Class A misdemeanor, the State moved to dismiss the charge for burglary, as a Level 5 felony, and it moved to amend the charge for auto theft, as a Level 6 felony, down to criminal trespass, as a Class A misdemeanor. The juvenile court granted the State's motion. The court accepted H.D.P.'s admission and adjudicated him to be a delinquent child.

[6] On September 5, the juvenile court's probation department filed a predispositional report. In that report, the probation department recommended that the juvenile court order H.D.P. to "pay Court costs in the amount of $176.00; to serve four (4) days, with credit for four (4) days served, at the Jackson County Juvenile Detention Center, with costs in the amount of $400.00[.]" Appellant's App. Vol. II at 60. It also recommended that the court order H.D.P. "to pay restitution for the losses caused as a result of his actions in the amount of $8,707.10, jointly and severally with all co-defendants." *Id.* It further recommended that the court hold a review hearing in sixty days for

H.D.P.'s mother to review payments on any outstanding and owed fees, costs, and restitution.

[7] On September 7, the juvenile court held a dispositional hearing. The court asked H.D.P. if he had any argument to present. In response, H.D.P.'s counsel stated: "Your Honor, after consultation with my client, we are in agreement with the recommendation made by Probation." Tr. Vol. II at 27. The juvenile court then stated: "I'm going to go ahead and issue that order then." *Id.* The State then asked if the court was "just ordering restitution and everything else as recommended by Probation?" *Id.* at 28. The court responded and stated: "All recommendations made by Probation are now reduced to the orders of the Court." *Id.* The juvenile court then issued a written dispositional order and an order for payment in which the court ordered "restitution of $8,707.10 to victim, Joyce Chenowith, jointly and severally with all co-defendants, detention fees of $400.00, Court costs of $176.00 to be paid in this cause and orders [H.D.P.'s mother] to ensure and guarantee that all fees and costs are paid as ordered."[1] Appellant's App. Vol. II at 65. This appeal ensued.

---

[1] H.D.P. claims that the juvenile court abused its discretion when it ordered his mother to guarantee the restitution award because he "was not living with his parents at the time of the offense . . . and was a ward of DCS" or because the "restitution award violates I.C. § 34-31-4-1." But H.D.P. does not have standing to bring that claim.

# Discussion and Decision

## *Issue One: Restitution and Detention Costs*

[8]    H.D.P. first contends that the juvenile court abused its discretion when it ordered him to pay restitution and detention costs. An order of restitution lies within the trial court's discretion and will be reversed only where there has been an abuse of that discretion. *Kays v. State,* 963 N.E.2d 507, 509 (Ind. 2012). A "trial court abuses its discretion in ordering restitution 'only if no evidence or reasonable inferences therefrom support the trial court's decision[.]'" *Archer v. State*, 81 N.E.3d 212, 216 (Ind. 2017) (quoting *Little v. State*, 839 N.E.2d 807, 809 (Ind. Ct. App. 2005)). A trial court also abuses its discretion if it misinterprets or misapplies the law. *Baker v. State*, 70 N.E.3d 388, 390 (Ind. Ct. App. 2017), *trans. denied*.

[9]    H.D.P. specifically contends that the trial court abused its discretion when it ordered him to pay restitution because the State did not present any evidence of the nature or amount of the victim's loss and because the juvenile court did not conduct an inquiry into the ability of him or his parents to pay restitution. He also contends that the juvenile court abused its discretion when it imposed joint and several liability on H.D.P. and his co-defendant because the order did not specify the exact amount that H.D.P. was required to pay. He further asserts that the juvenile court abused its discretion when it ordered his mother to guarantee the fees because he was a ward of the Indiana Department of Child Services at the time. Finally, he asserts that the juvenile court abused its discretion when it ordered him to pay four hundred dollars in detentions costs.

[10] At the pretrial conference, H.D.P.'s counsel represented to the court that H.D.P. had agreed to pay restitution in the amount of $8,707.10. Then, prior to the dispositional hearing, the probation department filed its predispositional report and recommended that the juvenile court order H.D.P. to pay Court costs in the amount of $176.00; detention costs in the amount of $400.00; and restitution for the losses caused as a result of his actions in the amount of $8,707.10, jointly and severally with all co-defendants. At the dispositional hearing on September 7, H.D.P.'s counsel represented that H.D.P. agreed "with the recommendation made by Probation." Tr. Vol. II at 27.

[11] The juvenile court relied on those representations when it issued its order for payment of restitution and detention costs. Thus, H.D.P. has invited any error in the court's order for restitution. The invited error doctrine forbids a party from taking advantage of an error that he "commits, invites, or which is the natural consequence of [his] own neglect or misconduct." *Brewington v. State*, 7 N.E.3d 946, 975 (Ind. 2014) (quoting *Wright v. State*, 828 N.E.2d 904, 907 (Ind. 2005)). *See, e.g.*, *Wright*, 828 N.E.2d at 907.

[12] In his reply brief, H.D.P. contends that the "invited error doctrine does not apply in light of the requirements" of Indiana Code Section 31-37-19-5. Reply Br. at 5. Indiana Code Section 31-37-16-5(b)(4) provides that the juvenile court may "[o]rder the child to pay restitution if the victim provides reasonable evidence of the victim's loss, which the child may challenge at the dispositional hearing." In essence, H.D.P. contends that any admission or agreement by him was irrelevant and did not negate the statutory requirement that the victim

provide reasonable evidence of her loss at a dispositional hearing. However, H.D.P. does not cite any case law that supports his contention. Rather, H.D.P. cites *Stockert v. State*, 44 N.E.3d 78, 82 (Ind. Ct. App. 2015), in which this court held that a sex offender's placement on the sex offender registry is mandatory, and that the Sex Offender Registry Act does not afford the trial court discretion in the matter of registration requirements. H.D.P. also cites *Bennett v. State*, 862 N.E.2d 1281, 1288 (Ind. Ct. App. 2007), in which this court reversed the trial court's order that the defendant pay for the victim's out-of-pocket therapy expenses when the defendant did not object because the order did not set an amount that the defendant was to pay or an end date to the requirement. Neither of those cases support H.D.P.'s contention that Chenowith was required to present evidence of her loss at a hearing even though H.D.P. had twice affirmatively agreed to the amount of restitution.

[13] H.D.P. contends, however, that, to the extent he agreed to pay restitution, he did not agree to pay $8,707.10, but, instead, "he only agreed to the amount of restitution that the Probation Department Recommended." Appellant's Br. at 18. And he claims that "the only restitution which the Probation Department recommended H.D.P. pay was restitution 'caused as a result of [H.D.P.'s] actions'" and that the record does not contain any evidence as to what portion, if any, of the damages were a result of his actions. *Id.* (quoting Appellant's App. Vol. II at 60). However, the probation department recommended that the juvenile court order H.D.P. "to pay restitution for the losses caused as a result of his actions *in the amount of $8,707.10*[.]" *Id.* (emphasis added). And H.D.P.

agreed to the probation department's recommendation. As such, it is clear that H.D.P. agreed to pay $8,707.10 in restitution, and his assertions to the contrary on appeal are without merit.

[14] Still, H.D.P. further contends that his agreement to pay restitution "does not change the necessity for reversal" because appellate courts can review a trial court's restitution order even when the defendant did not object. Appellant's Br. at 16. To support his contention, H.D.P. relies on *Bell v. State*, 59 N.E.3d 959 (Ind. 2016). In *Bell*, the Indiana Supreme Court held:

> Although there have been cases in which appeals on restitution were waived due to the failure to make an objection at trial, "the vast weight of the recent case law in this state indicates that appellate courts will review a trial court's restitution order even when the defendant did not object based on the rationale that a restitution order is part of the sentence, and it is the duty of the appellate courts to bring illegal sentences into compliance."

*Id*. at 962 (quoting *Rich v. State*, 890 N.E.2d 44, 48 (Ind. Ct. App. 2008)). That is, our Supreme Court held that an appellate court will review a restitution order for the first time on appeal, which makes sense in that a restitution order is usually a final judgment to which the defendant does not have a prior opportunity to object. Here, however, H.D.P. did not simply fail to object to the restitution order. He twice affirmatively stated that he agreed to pay $8,707.10 in restitution.

[15] Finally, H.D.P. contends that, even if he waived any objection to the restitution order, "reversal is still required because the juvenile court's imposition of the

$8,707.10 in restitution constitutes fundamental error." Appellant's Br. at 18. "The fundamental error exception is 'extremely narrow, and applies only when the error constitutes a blatant violation of basic principles, the harm or potential for harm is substantial, and the resulting error denies the defendant fundamental due process.'" *Cole v. State*, 28 N.E.3d 1126, 1135 (Ind. Ct. App. 2015) (quoting *Brown v. State*, 929 N.E.2d 204, 2017 (Ind. 2010)). But, as discussed above, H.D.P. invited any error in the juvenile court's order that he pay restitution and detention costs when he explicitly agreed to the probation department's recommendation. And "'invited error is not fundamental error' and is not subject to appellate review[.]" *Id.* (quoting *Kingery v. State*, 659 N.E.2d 490, 494 (Ind. 1995)). Because any error in the juvenile court's order for payment was invited by H.D.P., we decline to reverse on this basis.

### Issue Two: Ineffective Assistance of Counsel

[16] H.D.P. next contends that, even if he "is deemed to have waived any objection to the restitution order or the order is found to have been appropriately drafted under the circumstances," the order should be reversed because he did not receive effective assistance from his counsel.

> In reviewing a claim of ineffective assistance of counsel, we initially presume that counsel's representation was within the wide range of reasonable professional assistance. *S.E. [v. State]*, 744 N.E.2d [536,] 539 [(Ind. Ct. App. 2001)]. The defendant has the burden to rebut the presumption of competence with strong and convincing evidence. *Id.* In order to prevail on a claim of ineffective assistance of counsel, the defendant must prove both that counsel's representation was deficient and that this deficient

performance so prejudiced the defendant as to deprive him or her of a fair proceeding. *Id.* Isolated poor strategy, inexperience, or bad tactics do not necessarily constitute ineffective assistance of counsel. *Id.* Counsel's conduct is assessed by the facts known at the time, not by later information or hindsight. *State v. Moore*, 678 N.E.2d 1258, 1261 (Ind.1997).

*J.A. v. State*, 904 N.E.2d 250, 254-55 (Ind. Ct. App. 2009), *trans. denied.*

[17] H.D.P. specifically contends that his counsel was ineffective because his counsel did not offer evidence as to what portion of the damages was a direct result of his actions, because his counsel did not request any inquiry into the ability of H.D.P. to pay restitution, and because his counsel "agreed to the Probation Department's recommendation for restitution for which H.D.P. and his co-defendant would have joint and several liability." Appellant's. Br. at 23. He further claims that he was prejudiced by his counsel's performance because he is now obligated "to pay potentially all of the $8,707.10 restitution award" for which he might otherwise not have been responsible. *Id.* at 24.

[18] H.D.P., however, does not direct us to anything in the record that would indicate that counsel failed to inform him of the contents of the recommendation, that he told counsel that he could not pay the restitution, that he ever told counsel that he did not believe all of the damages were attributable to his actions, or that he did not agree to that recommendation. On the contrary, the only information in the record regarding whether H.D.P.'s counsel advised him is from the dispositional hearing on September 7. At that hearing, H.D.P.'s counsel specifically stated that "*after consultation with my client,*

we are in agreement with the recommendation made by Probation." Tr. Vol. II at 27 (emphasis added).

[19] Further, in the predispositional report, the probation department stated that Chenowith "was reimbursed by her insurance for a portion of her losses, but insurance did not cover $8,707.10." Appellant's App. Vol. II at 51. And H.D.P. does not direct us to any evidence that would suggest his attorney did not obtain and review this document. On the contrary, it is clear that his attorney did obtain the predispositional report. At the dispositional hearing on September 7, H.D.P.'s counsel affirmatively stated that she had received a copy of the dispositional report. Therefore, H.D.P. did not provide any evidence, let alone strong and convincing evidence, that could rebut the presumption that his attorney was competent or that he was prejudiced by his attorney's performance. *J.A.*, 904 N.E.2d 254. As such, H.D.P. has not shown that he received ineffective assistance of counsel. In conclusion, notwithstanding H.D.P.'s excellent brief on appeal, we find no reversible error and affirm the juvenile court's entry of the restitution order against him

[20] Affirmed.

Mathias, J., and Barnes, J., concur.