FILED

Jan 24 2020, 8:32 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court



ATTORNEY FOR APPELLANT

Lisa M. Johnson
Brownsburg, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Jesse R. Drum
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Stephen W. Peele,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff.* | January 24, 2020<br><br>Court of Appeals Case No.<br>19A-CR-1775<br><br>Appeal from the Marion Superior<br>Court<br><br>The Honorable James K. Snyder,<br>Master Commissioner<br><br>Trial Court Cause No.<br>49G02-0205-PC-123251 |

**Tavitas, Judge.**

## Case Summary

[1]     Stephan Peele appeals the dismissal of his verified petition for removal from the

Indiana Sex Offender Registry (the "Registry").  We reverse and remand.

## Issue

Peele raises two issues on appeal. We find one to be dispositive: whether the trial court abused its discretion when it dismissed Peele's verified petition for removal from the sex offender registry for lack of subject matter jurisdiction.[1]

## Facts[2]

On a date that is unclear from the record, Peele was convicted in Shelby County for two counts of child molesting, as Class B felonies, and three counts of child molesting, as Class C felonies; he was subsequently sentenced on April 17, 1989, to an aggregate twelve-year term in the Department of Correction ("DOC").[3] On March 20, 2003, Peele pleaded guilty in Marion County to sexual misconduct with a minor, a Class C felony; he was sentenced to eight years in the DOC, with five years executed and three years suspended to probation.

It is unclear from the record precisely when Peele was notified that he was required to register as a sex offender for a ten-year period. Peele's name was reportedly added to the Registry on June 10, 2005. In 2007, according to Peele,

---

[1] We do not reach Peele's claim that the registration requirement, as applied to him, violates Indiana's prohibition against ex post facto laws.

[2] The State's brief does not contain a Statement of Facts. Appellate Rule 46(B) permits the omission of a Statement of Facts from an appellee's brief "if the appellee agrees with statements in the appellant's brief" and so states. Key facts are missing from the record on appeal, including the date of Peele's conviction in Shelby County. A conforming Statement of Facts from the State, or an affirmative statement that the State adopts Peele's Statement of Facts, would have aided our review.

[3] Peele's date of conviction for the Shelby County offense is unknown.

Peele was notified in a letter from the DOC, dated July 23, 2007, that he was considered a "sex and violent offender" and required to register for the remainder of his life. Appellant's App. Vol. II p. 38.

[5] On February 7, 2019, Peele filed, pursuant to Indiana Code Section 11-8-8-22(c), a verified petition for removal from the Registry in the Marion Superior Court under the cause number associated with his Marion County conviction. At the time, Peele resided in Marion County. Peele alleged that the registration requirement, as applied to him, violated Indiana's prohibition on ex post facto laws. On April 22, 2019, the DOC, by senior deputy attorney general counsel, entered an appearance. The following day, the DOC filed a motion to dismiss Peele's petition for lack of jurisdiction. After a hearing on May 10, 2019, the trial court dismissed Peele's petition for lack of jurisdiction; its order provided:

> 1. One may not file a civil complaint in a criminal case. "All prosecutions of crimes shall be brought in the name of the state of Indiana,"' Ind. Code § 35-34-1- 1(a), and a declaratory judgment may not be granted against the State. *State v. LaRue's, Inc.*, 239 Ind. 56, 64-65, 154 N.E.2d 708, 712 (1958); *Harp v. Indiana Department Highways*, 585 N.E.2d 652, 660-61 (Ind. Ct. App. 1992). *See also, e.g.* Ind. Crim. Rule 2.1 (governing appearance for the state and for the defendant but with nothing about appearance for other persons in the criminal case).

> 2. Relief is sought against the Indiana Department of Correction but the DOC is not a party in this criminal case and is not represented by the prosecutor. *See Ind. Dept. of Corr. v. Haley*, 928 N.E.2d 840 (Ind. Ct. App. 2010) (prosecutor does not represent the DOC regarding educational credit, even in the criminal case). *Accord Payne v. State*, 531 N.E.2d 216 (Ind. Ct. App. 1989)

(prosecutor may not waive State Police prerogative to object to expungement).  The prosecutor may not bind the DOC as to the registration requirement.  *Stockert v. State*, 44 N.E.3d 78 (Ind. App. 2015), *trans. denied*; *Nichols v. State*, 947 N.E.2d 1011 (Ind. App. 2011), *reh. denied*.

* * * * *

8. This court lacks jurisdiction in this case to address the collateral consequence of whether the defendant is still required to register as a sex or violent offender.  *Kirby v. State*, 95 N.E.3d 518, 520-21 (Ind. 2018).  It is therefore ORDERED, ADJUDGED and DECREED by the court that the verified petition for removal from sex offender registry is denied, dismissed and stricken.[4]

Appellant's App. Vol. II pp. 64-65.  Peele filed a motion to correct error on June 3, 2019, which was denied.  Peele now appeals from the denial of his petition for removal from the Registry.

# Analysis

[6]     Peele argues that the trial court erred when it dismissed his verified petition for removal from the sex offender registry.  The State appears to concede that the trial court, in fact, had subject matter jurisdiction to consider Peele's petition; however, the State maintains that Peele did not bring the proper form of action

---

[4] We presume that the trial court's notation that Peele's verified petition is "denied, dismissed and stricken" is a scrivener's error.  We will approach this matter as Peele's appeal from the trial court's dismissal of his verified petition.

under a proper cause. *See* State's Br. p. 7. ("'One may not file a civil complaint in a criminal case[.]' *It is true that the court technically had subject matter jurisdiction to consider Peele's petition.* . . . . But it is also true that Peele's was a civil complaint 'that challenges a collateral consequence rather than his conviction or sentence.'").

[7] The DOC filed a motion to dismiss Peele's petition for lack of jurisdiction, wherein the DOC relied on cases that analyzed issues pertaining to subject matter jurisdiction. The trial court granted the DOC's motion. A motion to dismiss for lack of subject matter jurisdiction "presents a threshold question concerning the court's power to act." *Greer v. Buss*, 918 N.E.2d 607, 613 (Ind. Ct. App. 2009). The trial court decides whether the requisite jurisdictional facts exist based on its consideration of the complaint, the motion to dismiss, and any affidavits or other evidence submitted. *Id*. Where the facts are not in dispute, we review the trial court's decision de novo. *Id*.

[8] "Attorneys and judges alike frequently characterize a claim of procedural error as one of jurisdictional dimension." *K.S. v. State*, 849 N.E.2d 538, 541 (Ind. 2006). "The fact that a trial court may have erred along the course of adjudicating a dispute does not mean it lacked jurisdiction." *Id*. "The question of subject matter jurisdiction entails a determination of whether a court has jurisdiction over the general class of actions to which a particular case belongs." *Id*. at 542.

[9] Indiana Code Section 11-8-8-22, which governs petitions to remove sex offender designation and petitions to register under less restrictive conditions, provides, in pertinent part, as follows:

> (c) A person to whom this section applies may petition a court to:
>
>> (1) remove the person's designation as an offender and order the department to remove all information regarding the person from the public portal of the sex and violent offender registry Internet web site established under IC 36-2-13-5.5; or
>>
>> (2) require the person to register under less restrictive conditions.
>
> (d) A petition under this section shall be filed in the circuit or superior court of the county in which the offender resides. . . . .
>
> (e) *After receiving a petition* under this section, the court may:
>
>> (1) summarily dismiss the petition; or
>>
>> (2) give notice to:
>>
>>> (A) the [D]epartment [of Correction];
>>>
>>> (B) the attorney general;
>>>
>>> (C) the prosecuting attorney of:
>>>
>>>> (i) the county where the petition was filed;

(ii) the county where offender was most recently convicted of an offense listed in section 5 of this chapter; and

(iii) the county where the offender resides; and

(D) the sheriff of the county where the offender resides;

and set the matter for hearing. The date set for a hearing must not be less than sixty (60) days after the court gives notice under this subsection.

(f) *If a court sets a matter for a hearing* under this section, the prosecuting attorney of the county in which the action is pending shall appear and respond, unless the prosecuting attorney requests the attorney general to appear and respond and the attorney general agrees to represent the interests of the state in the matter. If the attorney general agrees to appear, the attorney general shall give notice to:

(1) the prosecuting attorney; and

(2) the court.

(g) *A court may grant a petition under this section* if, following a hearing, the court makes the following findings:

(1) The law requiring the petitioner to register as an offender has changed since the date on which the petitioner was initially required to register.

(2) If the petitioner who was required to register as an offender before the change in law engaged in the same conduct after the change in law occurred, the petitioner would:

> (A) not be required to register as an offender; or

> (B) be required to register as an offender, but under less restrictive conditions.

(3) If the petitioner seeks relief under this section because a change in law makes a previously unavailable defense available to the petitioner, that the petitioner has proved the defense.

*The court has the discretion to deny a petition* under this section, even if the court makes the findings under this subsection.

(h) The petitioner has the burden of proof in a hearing under this section.

(i) If the court grants a petition under this section, the court shall notify:

> (1) the victim of the offense, if applicable;

> (2) the department of correction; and

> (3) the local law enforcement authority of every county in which the petitioner is currently required to register.

(j) An offender may base a petition filed under this section on a claim that the application or registration requirements constitute ex post facto punishment.

(k) A petition filed under this section must:

    (1) be submitted under the penalties of perjury;

    (2) list each of the offender's criminal convictions and state for each conviction:

        (A) the date of the judgment of conviction;

        (B) the court that entered the judgment of conviction;

        (C) the crime that the offender pled guilty to or was convicted of; and

        (D) whether the offender was convicted of the crime in a trial or pled guilty to the criminal charges; and

    (3) list each jurisdiction in which the offender is required to register as a sex offender or a violent offender.

(l) The attorney general may initiate an appeal from any order granting an offender relief under this section.

Ind. Code § 11-8-8-22 (emphasis added).

[10]    The plain language of Indiana Code Section 11-8-8-22(d) clearly confers subject matter jurisdiction upon the circuit or superior court in the county in which the

offender resides to accept filing of, set a hearing on, and consider, grant, or deny an offender's petition for removal from the Registry. *See Clampitt v. State*, 932 N.E.2d 1256, 1258 (Ind. Ct. App. 2010) (reversing the trial court's dismissal of Clampitt's motion, pursuant to Indiana Code Section 11-8-8-22, to remove sexual violent predator status and ordering the trial court to consider the merits of the motion). A reading otherwise disregards unambiguous statutory language, which we will not do. The State does not suggest, and the record does not support a finding, that Peele filed his petition in the wrong court.

[11]   Although the trial court had subject matter jurisdiction, the State argues: "The procedure set out in Indiana Code Section 11-8-8-22 (which is not even in Title 35, the criminal title of the Indiana Code) says that a petition must be filed in the county in which the offender resides but does not specify that it be filed in the criminal case that gave rise to the registration obligation being challenged"; and ". . .[t]he obligation is to file a new declaratory judgment case and to get a new cause number." *See* Appellant's App. Vol. II pp. 58, 60. Thus, we turn to the question of the proper form that the filing of a petition for removal from the Registry must take. The trial court relied on *Kirby* to support its dismissal of Peele's petition. *See id*. at 65.

[12]   In *Kirby v. State*, 95 N.E.2d 518, 520-21 (Ind. 2018), our Supreme Court found that Kirby improperly challenged a statutory restriction on Kirby's entry onto school grounds—a collateral consequence of Kirby's conviction—under post-conviction rules, which govern challenges to a conviction or to a sentence. The

*Kirby* Court engaged in the following instructive discussion as to the appropriate vehicle for challenging the collateral consequences of an offender's conviction:

> While Kirby cannot raise his ex post facto claim in post-conviction proceedings, he may have a vehicle for his claim. The legislature created declaratory-judgment actions for the explicit purpose "to settle and to afford relief from uncertainty and insecurity with respect to rights, status and other legal relations." *Ind. Code § 34-14-1-12 (2017).* Settling his uncertain legal status in light of the statutory school-entry restriction is precisely what Kirby wants to do. And the declaratory-judgment statutes are "liberally construed and administered" to achieve that purpose.
>
> Declaratory-judgment actions are also broadly available. "Any person . . . whose rights, status, or other legal relations are affected by a statute" can bring such an action. *I.C. § 34-14-1-2.* That action will determine "any question" of a statute's validity and give "a declaration of rights, status, or other legal relations thereunder." Again, this is exactly what Kirby asks for: a determination of whether the school-entry restriction is an invalid ex post facto law as applied to him.
>
> Indeed, Indiana caselaw shows that ex post facto claims like Kirby's are often raised through declaratory-judgment actions. *E.g.*, *Lemmon v. Harris,* 949 N.E.2d 803, 805 (Ind. 2011); *Gardner v. State,* 923 N.E.2d 959, 959 (Ind. Ct. App. 2009), *trans. denied*. And our Court of Appeals has held that declaratory-judgment actions are appropriate vehicles for ex post facto claims even when other statutory remedies are available, given the burdens imposed by sex-offender registration requirements. *Greer v. Buss,* 918 N.E.2d 607, 615 (Ind. Ct. App. 2009).

*Kirby*, 95 N.E.2d 518, 520-21 (Ind. 2018) (citations omitted) (emphasis added).

[13]    Although Indiana Code Section 11-8-8-22 is silent as to whether a declaratory judgment filing must be brought in a separate, civil cause or within a criminal cause under a qualifying court, *Kirby*—which our Supreme Court handed down in April 2018—supports a finding that an offender may pursue relief in each of these ways. In support of the premise that "Indiana caselaw shows that ex post facto claims [ ] are often raised through declaratory judgment actions[,]" our Supreme Court cited *Lemmon*, *Gardner*, and *Greer*.

[14]    *Lemmon* and *Greer* were declaratory judgment actions brought by offenders against commissioners of the DOC in civil actions. In these cases, sex offender-appellants sought to challenge collateral consequences of their convictions and prevailed on appeal as to, inter alia, their claims that the trial court erred in dismissing their civil, declaratory judgment action on jurisdictional grounds.

[15]    The *Kirby* Court also, however, signaled the availability of declaratory relief under a criminal cause when it cited *Gardner*. The offender in *Gardner* challenged the "prospective application of the amended registration requirements of Indiana Code Section 11-8-8-7" under a criminal cause; however, because Gardner challenged the registration requirements as an ex post facto law before he was actually ordered to register, the trial court denied relief. We affirmed the trial court's denial of Gardner's petition as unripe.

[16]    In the same vein, in *Clampitt*, a panel of this Court reversed the trial court's finding that the trial court lacked jurisdiction "*in [Clampitt's] criminal case to grant his motion*" to remove sexual violent predator status. *See Clampitt*, 932

N.E.2d at 1258. In reversing the trial court's judgment, we ordered the trial court to consider, on remand, the merits of Clampitt's motion to remove sexual violent predator status, as brought under a criminal cause, pursuant to Indiana Code Section 11-8-8-22(e).

[17] Based on the foregoing, we find that: (1) no legal impediment exists to the trial court's legal authority to consider the merits of Peele's petition for relief under Indiana Code Section 11-8-8-22; and (2) Peele properly brought his petition for removal from the Registry within a criminal cause in a qualifying court. The trial court erred in dismissing Peele's petition.

## Conclusion

[18] The trial court erred in dismissing Peele's petition for removal from the Registry; accordingly, we reverse and remand with instructions to the trial court to consider the merits of Peele's petition.

[19] Reversed and remanded.

Najam, J., and Vaidik, J., concur.